Antonio R. Hernández, etc., Appellant, *v.* Registrar of Property of San Juan (First Section), Respondent.

No. 881.  Submitted January 9, 1933.—Decided January 23, 1933.

*Félix Ochoteco* for appellant.  The registrar appeared by brief.

Mr. Justice Hutchison delivered the opinion of the Court.

Article 82 of the Mortgage Law, as amended in 1923 (Session Laws, p. 218), provides that—

"\*      \*      \*      \*      \*      \*      \*

"Records made to secure sums represented by negotiable paper, to bearer or by endorsement, shall be canceled upon presentation of an instrument executed by the persons who may have collected the credits, which instrument must set forth that the negotiable paper to bearer or by endorsement was canceled at the time of its execution. If all or any of such papers shall have been lost, such records may be canceled only by court order showing that final judgment has been rendered and obtained through regular procedure under the Code of Civil Procedure, holding that such obligations have been extinguished."

A district court ordered a registrar to cancel in the registry of property a mortgage which had been foreclosed. The registrar refused because the order of the court did not show that the negotiable instrument secured by the mortgage in question had been canceled (*inutilizado*), as required by

article 82, *supra*. The meaning of that article as more clearly appears from the Spanish text is that the negotiable instrument itself, if not lost must be marked or stamped as canceled or otherwise visibly invalidated (*inutilizado*). What the district judge said in his order was in substance that "whereas" the mortgage lien had been canceled by foreclosure, "therefore" the promissory note secured by the said lien had also been canceled and had become worthless. This does not necessarily mean that the fact of cancellation had been made to appear by any statement in writing on the promissory note itself, or that the note itself had been in any other manner visibly "canceled" or invalidated.

The registrar in refusing to obey the order of the court did not attempt to review any finding made by the court nor any question of law determined by it. The order did not show either that the promissory note had been lost or destroyed or that it had been canceled in the manner required by article 82 of the Mortgage Law. What the registrar did was to challenge the authority of the district judge to order a cancellation by reason of the facts set forth in the order as the grounds upon which it was based. If the order meant that the promissory note itself had been in fact "canceled" or invalidated in the manner contemplated by article 82 of the Mortgage Law it should have contained a recital in plain language to that effect. The registrar was right in refusing to assume that the statutory requirement had been met.

The ruling appealed from must be affirmed.